## FRENCH *a.* WILLET.

*New York Superior Court; Special Term, January,* 1860.

### Sheriff.—Assigning over Prisoners.—Complaint.

A sheriff who, on going out of office, neglects to deliver over to his successor a defendant whom he holds in custody under execution against the person, is liable for such neglect to the plaintiff in the execution.

Form of a complaint in an action in such case.

In an action against a sheriff for breach of duty in the execution of process which he received, it is not necessary that the complaint should show the several steps in the action on which the mere regularity of the process depends. It is enough, after showing jurisdiction to issue the process, to allege that it was duly issued.

Demurrer to complaint.

The action was against the defendant as late sheriff of the city and county of New York. The allegations of the complaint were as follows:

That on the 9th day of February, in the year 1856, the plaintiff recovered, in the Superior Court of the city of New York, a judgment in an action against one Plin White, for the sum of

twelve thousand five hundred and eighty-eight dollars and fifty-six cents, a transcript of which said judgment was on the same day filed in the office of the clerk of the city and county of New York.

That the said action was brought to recover the amount of a debt fraudulently contracted by the said Plin White.

That thereafter, on the said 9th day of February, in the year 1856, an execution against the property of the said Plin White, upon the said judgment, was duly issued by the plaintiff to the defendant, who was at that time sheriff of the city and county of New York, which said execution was thereafter, by the said defendant as such sheriff, returned wholly unsatisfied.

That thereafter, to wit, on the 14th day of April, in the year 1856, an execution against the person of the said Plin White was duly issued by this plaintiff, on the said judgment, to the defendant, who was then sheriff as aforesaid, directed and delivered to the defendant as such sheriff, whereby he was required to arrest the said Plin White, and commit him to the jail of the said county of New York until he should pay said judgment, or be discharged according to law.

That thereafter, to wit, before the first day of January, in the year 1859, the defendant, as such sheriff, arrested the said Plin White upon the said execution, and committed him to jail pursuant thereto.

That on the first day of January, in the year 1859, the term of office of the defendant as sheriff, as aforesaid, expired; and that a new sheriff, to wit, one John Kelly, was elected as sheriff in place of the defendant, and duly qualified and gave the security required by law.

That the certificate of the clerk of the city and county of New York, under his official seal, certifying that the said John Kelly had qualified as such new sheriff, and given the security required by law, was duly served on the defendant on or about the 11th day of January, in the year 1859.

That the defendant did not, within ten days after the service on him of such certificate, deliver to his successor, the said new sheriff, the said Plin White, who then remained in custody of the said defendant, on the said execution, confined within the liberties of the jail of the city and county of New York.

Wherefore, &c.

French *a.* Willet.

The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*A. J. Vanderpoel*, in support of the demurrer.—I. The question as to what is an escape, is now settled by statute. Doubts had been expressed as to what was an escape, and the statute was passed to remove them. (2 *Rev. Stat.*, 434, § 47; *Ib.*, 437, §§ 61–63; 3 *Ib.*, 746, *note to* § 47; and see Johnson *a.* Macon, 1 *Wash. R.*, 4; Boynton's Case, 3 *Rep.;* Cary *a.* Worthy, 2 *Jones* (*N. C.*), 104.)

II. The prisoner here did not escape. No escape is alleged, and the facts relied on as constituting an escape, do not constitute one.

III. The failure to deliver over a person to the new sheriff does not relieve him from custody. (2 *Rev. Stat.*, 439, § 73; Hempstead *a.* Weed, 20 *Johns.*, 64; Partridge *a.* Westervelt, 13 *Wend.*, 500.)

IV. The rights of the new sheriff as to prisoners not assigned, is a different matter from that raised here.

V. In Hinds *a.* Doubleday (21 *Wend.*, 233), the question here involved could not arise, and is only incidentally referred to. There there was an actual escape.

VI. The complaint is fatally defective in other respects. It does not show any right in the plaintiff to require that Plin White should be arrested or kept in custody. This is essential. The plaintiff must allege and prove that the process was valid. The complaint must show a legal commitment. Whenever the process is void, it is a defence to the sheriff for an escape, not when it is merely irregular. (Jones *a.* Pope, 1 *Saund.*, 38 (6); Troiner *a.* Eyles, 3 *Bos. & P.*, 456.) So are all the precedents. (Ginochio *a.* Orser, 1 *Abbotts' Pr. R.*, 433; Brazier *a.* Jones, 8 *B. & C.*, 124; Edwards *a.* Lucas, 5 *Ib.*, 339; Corwin *a.* Freeland, 2 *Seld.*, 560; S. C., 6 *How. Pr. R.*, 241; Alden *a.* Sarson, 4 *Abbotts' Pr. R.*, 102; *How. Code*, 185; Wells *a.* Jewett, 11 *How. Pr. R.*, 242; Graham *a.* Machado, 6 *Duer*, 514; *Van Sandvoord's Pl.*, 249, &c.; Lienan *a.* Lincoln, 3 *Duer*, 670; Lawrence *a.* Wright, 2 *Ib.*, 673.

*John E. Parsons*, opposed.

WOODRUFF, J.—The averments that the plaintiff recovered a judgment in an action against the defendant therein, which action was brought to recover the amount fraudulently contracted, show a case in which, by the express terms of sections 179 and 288 of the Code of Procedure, the plaintiff had the right to have an execution against the person of the defendant in the judgment. The court had jurisdiction of such an action, and power to issue such an execution.

The further averment that an execution was duly issued, is, as against the sheriff, all that is necessary. If it was necessary to the regularity of the execution, that a previous order of arrest should have been obtained (which is not to be taken as concluded), the execution which was issued would not be void, though issued without such an order.

The sheriff, who has received such an execution and arrested the defendant, cannot require the plaintiff to allege affirmatively every step in the progress of the cause upon which the regularity of the proceedings depends. He can no more require the plaintiff to enter into the details of the defendant's fraud, than he can refuse to execute an order of arrest, and require the plaintiff to allege that the justice approved the sureties given, on granting the order of arrest, or any facts not essential to jurisdiction, but tending to regularity merely.

So when the plaintiff avers that the execution was duly issued, he states enough to put the sheriff to his defence, if he do not obey the writ.

In regard to the gravamen of this action, the averment that the defendant (the sheriff) did not deliver the debtor held under the execution to his successor in office, shows a clear and explicit violation of the statute, and breach of the duty which the defendant owed to the plaintiff. For this, the defendant is *prima facie* liable.

This is enough to put him to his defence. He is, in every aspect of the case (this averment being admitted, and no excuse or avoidance of liability being set up), liable to nominal damages at least.

If in truth the defendant, by delivery of the jail, and the execution of an instrument reciting the property, process, and prisoners delivered, complied with the statute, that will be a subject of proof on denial of the plaintiff's averment.

If the prisoner remained in custody under such circumstances that the new sheriff had a right to hold him and did hold him, or if the new sheriff did, notwithstanding the neglect of the defendant to deliver him, take the prisoner into his possession under section (73) 94 of the statute, in such wise that he had a right to detain him, and does detain him in custody, this may be available in mitigation of damages, or perhaps to show that no damages have been sustained; but as the case stands in the complaint, a cause of action is shown to which the defendant is bound to answer, or he is, I think, liable.

This I think the necessary result of the provisions of the statute (2 *Rev. Stat.*, 438, 9, §§ (67–73) 88–94); and the inevitable inference from the opinion of the court in Hinds *a.* Doubleday (21 *Wend.*, 225).

The demurrer must be overruled, with costs, with leave to the defendant to withdraw his demurrer, and answer within twenty days, on payment of the costs of the demurrer and proceedings thereon.

Ordered accordingly.